# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, *ex rel.*
KATHLEEN JENNINGS, Attorney
General of the State of Delaware,

      Plaintiff,

      v.

PURDUE PHARMA L.P.; PURDUE
PHARMA INC.; THE PURDUE
FREDERICK COMPANY; ENDO
HEALTH SOLUTIONS INC.;
ENDO PHARMACEUTICALS INC.;
MCKESSON CORPORATION;
CARDINAL HEALTH INC.;
AMERISOURCEBERGEN
CORPORATION; ANDA
PHARMACEUTICALS, INC.; H.D.
SMITH, LLC; CVS HEALTH
CORPORATION; and WALGREENS
BOOTS ALLIANCE, INC.,

      Defendants.

C.A. No. N18C-01-223 MMJ CCLD

Submitted: November 7, 2019
Decided: December 16, 2019

Determination of Whether the Supplemental Affidavit of Merit
Complies with 18 *Del. C.* §§ 6853(a)(1) and (c)

## ORDER

Section 6853(a)(1) of title 18 of the Delaware Code provides that all healthcare negligence complaints must be accompanied by an affidavit of merit as to each defendant signed by an expert witness, accompanied by a current *curriculum vitae* of the witness, stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant.

In this case, the Supplemental Affidavit of Merit was filed under seal, as required. Pursuant to 18 *Del. C.* § 6853(d), the Court conducted *in camera* review of the affidavit to determine compliance with sections 6853(a)(1) and (c). The Court also has reviewed the accompanying *curriculum vitae*. The Court finds:

1. The affidavit is signed by an expert witness.

2. The affidavit is accompanied by a current *curriculum vitae*.

3. The affidavit sets forth the expert's opinion that there are reasonable grounds to believe that the applicable standard of care was breached by Defendant Walgreens.

4. The affidavit sets forth the expert's opinion that there are reasonable grounds to believe that illustrative examples of specifically enumerated breaches by Walgreens proximately caused the injuries claimed in the complaint. Statutory constraints relating to patient privacy prevented the expert witness from linking patients by name to the injuries alleged.

5. The expert witness was licensed to practice in the medical field of pharmacy as of the date of the affidavit.

6. In the 3 years immediately preceding the alleged negligent act, the expert witness was engaged in the treatment of patients and/or in the teaching/academic side of medicine in the field of Pharmacy.

7. The expert witness is board certified as a Pharmacotherapy Specialist.

**THEREFORE,** under the specific and unique facts alleged in the complaint, and having considered an issue which appears to be of first impression, the Court has reviewed *in camera* the Supplemental Affidavit of Merit and accompanying *curriculum vitae* of plaintiff's expert witness, and the Court finds that the Supplemental Affidavit of Merit complies with sections 6853(a)(1) and (c) of title 18 of the Delaware Code.

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston